UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RENEE E. CECCHETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:04-cv-1064-DFH-WTL |
| | ) | |
| SAM'S EAST, INC.,[1] | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

"I slovenly swear. . . ."  So begins the unsigned and unsworn "affidavit"
plaintiff Renee Cecchett relies upon to oppose summary judgment.  The attempted
affidavit is not sufficient to defeat the defendant's motion for summary judgment,
and would not be sufficient even if it had been properly sworn.

Plaintiff Cecchett worked for defendant Sam's East, Inc. and was fired in
April 2003.  She was fired after her error rate as a Verifier of incoming shipments
repeatedly exceeded standards, and after she had progressed through each stage
of the employer's progressive discipline system.  At the time she was fired, plaintiff
was 45 years old.  She has alleged she was fired based on her age, in violation of
the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*  After an

_____

[1]Sam's East, Inc. is the proper name of the defendant in this case, and the
name in the caption has been corrected.

opportunity for discovery, defendant moved for summary judgment.  The motion must be granted.

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, affidavits, and other materials demonstrate that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

On a motion for summary judgment, the moving party must first come forward and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which the party believes demonstrate the absence of a genuine issue of material fact.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Where the moving party has met the threshold burden of supporting the motion, the opposing party must "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  The non-moving party must present more than mere speculation or conjecture to defeat a summary judgment motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 637 (7th Cir. 2001); *Sybron Transition Corp. v. Security Insurance Co. of Hartford*, 107 F.3d 1250, 1255 (7th Cir. 1997).  When deciding

a motion for summary judgment, the court considers those facts that are undisputed and views additional evidence, and all reasonable inferences drawn therefrom, in the light reasonably most favorable to the non-moving party.  See Fed. R. Civ. P. 56(c); *Liberty Lobby*, 477 U.S. at 255; *Celotex*, 477 U.S. at 323; *Baron v. City of Highland Park*, 195 F.3d 333, 337-38 (7th Cir. 1999).

Plaintiff has no direct evidence of age discrimination on the part of the defendant.  The undisputed facts also show that she has no circumstantial evidence of age discrimination under the familiar indirect method of proof based on circumstantial evidence, adapted from *McDonnell Douglas v. Green*, 411 U.S. 792 (1973); *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 983 (7th Cir. 2001) (applying *McDonnell Douglas* framework to age discrimination case and affirming summary judgment).

First, a jury could not reasonably find that plaintiff was performing her job as a Verifier satisfactorily.  She was rated "below expectations" in quality for the year 2001 and again for the year 2002.  She does not dispute the defendant's evidence showing that her error rate exceeded company standards in September 2002, that she failed to comply with the company's accountability policy in October 2002, and that her error rates for February and March 2003 were also too high.  She also does not dispute the evidence that she moved through the steps of the progressive discipline process, from oral coaching to written coaching to "Decision Making Day," the next-to-last step, for an excessive error rate for

February 2003.  She was warned then that she could be terminated if she did not improve.  Her error rate for March 2003 was also too high, and she was fired.  All these facts are undisputed.

Plaintiff suggests that the company was wrong in attributing a couple of errors to her in March 2003, but even if those errors are removed from the calculation, her error rate was still too high under the standards.  The undisputed facts therefore show that plaintiff cannot meet one essential element of her prima facie case of discrimination:  that she was performing her job satisfactorily.

Second, plaintiff also cannot show that the employer treated similarly situated younger employees better than it treated her.  She was replaced by a person who is actually slightly older than she is, a fact suggesting that age discrimination is a highly improbable explanation for the decision.  Cf. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996) (no inference of discrimination from replacement by insignificantly younger employee).  The only person plaintiff offers as a comparator is a person identified in the "affidavit," which is not even signed, let alone sworn.  The introductory phrase, "I slovenly swear," is surely a Freudian slip.  To defeat a motion for summary judgment, real evidence is needed.  See Fed. R. Civ. P. 56(e); *Markel v. Board of Regents of University of Wisconsin*, 276 F.3d 906, 912 (7th Cir. 2002).  Also, plaintiff does not dispute defendant's showing that the proposed comparator had only one bad month and reached only the first stage of the disciplinary process, not the fourth

and final stage as plaintiff had with her repeated months of unsatisfactory performance.  He was not situated similarly to plaintiff.

Even if plaintiff had offered evidence of a prima facie case, she has still failed to raise a genuine issue of fact as to whether the stated reason for her termination was true or false.  See *O'Regan*, 246 F.3d at 983 (stating plaintiff must rebut defendant's legitimate reason for termination by presenting evidence demonstrating that it is merely pretext for discrimination).

Summary judgment is required when the undisputed facts show that one side must prevail as a matter of law.  *Matsushita*, 475 U.S. at 587.  Plaintiff has not offered a shred of evidence to support her claim in this case.  When a trial could have only one outcome, summary judgment is warranted, as it is here.  Defendant's motion for summary judgment is granted, and final judgment shall be entered accordingly.

So ordered.

Date: October 26, 2005

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Sherr'ee Dawn Mullins
ROBERTS & BISHOP
smullins@roberts-bishop.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrobatty@aol.com

Shannon Marie Shaw
BARNES & THORNBURG LLP
shannon.shaw@btlaw.com

Susan M. Zoeller
BARNES & THORNBURG LLP
susan.zoeller@btlaw.com